PER CURIAM.
Affirmed. In London the appellant, a United States citizen, was taken into custody and questioned by airport authorities and Scotland Yard detectives. He contends that several of his Fifth and Sixth Amendment rights were violated in the course of his interrogation. Upon a review of the record, we find no error in the denial of appellant’s motion to suppress. United States v. Mitro, 880 F.2d 1480 (1st Cir. 1989); United States v. Rosenthal, 793 F.2d 1214, opinion modified, 801 F.2d 378 (11th Cir.1986), cert. denied, 480 U.S. 919, 107 S.Ct. 1377, 94 L.Ed.2d 692 (1987); United States v. Martindale, 790 F.2d 1129 (4th Cir.), cert. denied, 479 U.S. 855, 107 S.Ct. 193, 93 L.Ed.2d 125 (1986); United States v. Covington, 783 F.2d 1052 (9th Cir.), cert. denied, 479 U.S. 831, 107 S.Ct. 117, 93 L.Ed.2d 64 (1986); United States v. Morrow, 537 F.2d 120, reh’g. denied, 541 F.2d 282 (5th Cir.1976), cert. denied, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); United States v. Molina-Chacon, 627 F.Supp. 1253 (E.D.N.Y.1986).
We also find no error in the admission of evidence concerning appellant’s statements made to a codefendant during the time they *931 were held in nearby cells while awaiting trial. There is no evidence of any advance arrangement between the authorities and the codefendant or of any state action designed to elicit incriminating statements from appellant. See Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). Even though he questioned the “coincidence” of his being placed in the same maximum security “pod,” as his code-fendant, the appellant has not demonstrated a violation of his Sixth Amendment rights as set forth in Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985) and United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). Additionally, we find no violation of appellant’s Sixth Amendment rights during voir dire. Sanchez-Velasco v. State, 570 So.2d 908 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2045, 114 L.Ed.2d 129 (1991).
GUNTHER and STONE, JJ„ and MOE, LEROY H., Associate Judge, concur.